Robert L. Richmond, Alaska Bar No. 7011069
Rebecca Lindemann, Alaska Bar No. 1309051
**Richmond & Quinn APC**
360 K Street, Suite 200
Anchorage, AK 99501
Tel.: 907.276.5727
Fax.: 907.276.2953
Email: brichmond@richmondquinn.com
        rlindemann@richmondquinn.com

Richard G. Grotch (*pro hac vice forthcoming*)
**Jetstream Legal APC**
80 Cabrillo Highway North, Suite Q-325
Half Moon Bay, CA 94019
Tel.: 415.961.1691
Email: rgrotch@jetstreamlegal.com

**ATTORNEYS FOR** Defendants
Alaska Airlines, Inc., Marilyn Romano,
Troy Michael Wuyts Smith, Amber Allen,
Alison Reineccius, Johnny Mann,
Kristen Dilley, Brenda Baynard, Dorothy Daniels

and

*Defendants specially appearing*
Kyle Levine, Jeremy Horn,
Diana Birkett Rakow and Miroslava Frias

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LORA H. REINBOLD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, KYLE LEVINE, KIM HUTCHINSON, JEREMY HORN, DIANE BIRKETT RAKOW, MARILYN ROMANA, ROY MICHAEL WUYTS SMITH, AMBER LNU, JOHN LNU, KRISTEN LNU, BRENDA LNU, DORTHY LNU, M. FRIAS,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00087 JMK<br><br>MOTION OF DEFENDANTS ALASKA AIRLINES, INC., MARILYN ROMANO, TROY MICHAEL WUYTS SMITH, AMBER ALLEN, ALISON REINECCIUS, JOHNNY MANN, KRISTEN DILLEY, BRENDA BAYNARD AND DOROTHY DANIELS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Honorable Joshua M. Kindred<br>United States District Judge |

Defendants Alaska Airlines, Inc. (sued as "Alaska Airlines"), Marilyn Romano (sued as "Marilyn Romana"), Troy Michael Wuyts-Smith (sued as "Roy Michael Wuyts Smith" Amber Allen (sued as "Amber LNU"), Alison Reineccius (sued as "Alison LNU"), Johnny Mann (sued as "John LNU"), Kristen Dilley (sued as "Kristen LNU"), Brenda Baynard (sued as "Brenda LNU"), and Dorothy Daniels (sued as "Dorthy LNU") (when referenced collectively, "Defendants") respectfully submit this motion to dismiss the complaint of plaintiff Lora H. Reinbold pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is made on the grounds that the complaint fails to state a claim upon which relief can be granted.

## I.   INTRODUCTION

In 2020 and 2021 – the period that is the focus of plaintiff's complaint – the nation's airlines continued to provide essential services amid a worldwide pandemic. On January 21, 2021, the President issued an Executive Order aimed at allowing "all Americans, including the missions of people employed in the transportation industry, to travel and work safely." Exec. Order No. 13998, 86 Fed. Reg. 7205 (Jan. 21, 2021) ("the Executive Order").[1]

Consistent with recommendations from the Centers for Disease Control and Prevention (the "CDC"), the Surgeon General, and the National Institutes of Health, the Executive Order concluded that "mask-wearing, physical distancing, appropriate

---

[1]     A true and correct copy of the Executive Order is attached as Exhibit A to the accompanying Request for Judicial Notice in Support of Motion to Dismiss ("RJN").

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 2 of 17

ventilation, and timely testing can mitigate the risk of travelers spreading COVID-19."

*Id.*

Plaintiff's lawsuit seems to arise out of her unhappiness with a decision, in or about April 2021, to preclude her from flying on Alaska Airlines due to "her lack of compliance" with the mask mandates that are discussed below as well as "multiple occasions" when there were "combative interactions with employees." Complaint ("Compl.") at p.11.

While this *appears* to be the general nature of her complaint (and this is a matter of speculation), plaintiff has left as a complete mystery such basic details as what legal claim or claims she seeks to assert and against which of the 15 defendants she has targeted as defendants. The complaint does not meet minimal pleading requirements even as applied to unrepresented litigants. Certainly, the pleading altogether fails to give notice to any defendant – much less all of them – as to what conduct and legal theory or theories they should be prepared to defend against.

///

///

///

///

///

///

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 3 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 3 of 17

## II.   STATEMENT OF THE CASE[2]

The Executive Order issued on January 21, 2021, amid the pandemic, directed

federal agencies, including DHS through the TSA, to coordinate and "immediately take

action … to require masks to be worn in compliance with CDC guidelines" by all persons

in or on airports, aircraft, and other forms of public transportation. Executive Order, 86

Fed. Reg. at p.7205. On January 31, 2021, the TSA issued a Security Directive ("Security

Directive") to (a) implement the Executive Order and (b) support enforcement of the

CDC's Order that mandated masks. *See* Transp. Sec. Admin., SD 1542-21-01, Security

Measures—Mask Requirements (2021).[3] Among other things, the Security Directive

required, subject to few and limited exceptions, that an "aircraft operator must not board

any person who is not wearing a mask." Security Directive at p.2.

On February 3, 2021, the CDC and the Department of Health and Human Services

issued the Federal Transportation Mask Mandate ("FTMM"), an order formally entitled,

"Requirement for Persons to Wear Masks While on Conveyances and at Transportation

---

[2]   Because factual allegations (apart from legal conclusions cast in the form of factual allegations) must be accepted as true for purposes of this motion, to the extent they are drawn from the complaint, the facts recited here reflect plaintiff's account as alleged, regardless of the degree to which Defendants dispute them. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Defendants also rely on matters of public record or other matters subject to judicial notice under Federal Rule of Evidence 201 which the Court may properly consider on a motion to dismiss without converting it into a motion for summary judgment. *See Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014).

[3]   A true and correct copy of the Security Directive is attached as Exhibit B to the accompanying RJN.

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK

Hubs." 86 Fed. Reg. 8025 (Feb. 3, 2021).

As plaintiff shows in her complaint, her personal beliefs about COVID-19 are at odds with the stated positions of the federal regulators. She reckons, for example, that "masks could cause far more harm than good." Compl. at p.7. She concluded "it was worth it for her to pay the [low dollar] fine" if she was ticketed "for not wearing a mask" while passing through an airport. *Id.* at p.13.

While traveling, plaintiff repeatedly insisted that Alaska Airlines exempt her from the federally mandated mask requirements and that it do so even if she refused to provide any supporting medical documentation. Plaintiff viewed a request for medical documentation in support of a mask exemption as a violation of her "civil rights." *Id.* at p.5, n.4. TSA says otherwise. TSA explicitly advised airlines that they "may impose requirements, or conditions of carriage, on persons requesting an exemption from the requirement to wear a mask, including medical consultation by a third party, medical documentation by a licensed medical provider, and/or other information as determined by the aircraft operator…" Security Directive at p.3, n.6.

According to her complaint, plaintiff also harbored the misapprehension that she could simply request a mask-wearing accommodation "as she came to board the plane." Compl. at p.5. TSA's position – with which Alaska Airlines complied – was that airlines could "require that persons seeking exemption from the requirement to wear a mask request an accommodation *in advance*." Security Directive at p.3, n.6, emphasis added.

The complaint shows that plaintiff had other opinions about face masks that

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 5 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 5 of 17

contravened the official position of the TSA and therefore the policies of Alaska Airlines. One was her view of what constituted an acceptable mask and how it was to be worn. TSA expressly states that "[m]asks do not include face shields." Plaintiff, on the other hand, grouses that the airline's agents were "insisting that she wear [a] blue cloth mask, instead of her face shield." Compl. at p.6.

Plaintiff also apparently expected that if she merely "noted" to an airline employee that she "had had a negative PCR test *approximately* 4 days earlier" (Compl. at p.5, emphasis added), that would and should suffice even though the TSA permitted airlines to "require *evidence* that the person does not have COVID-19 such as a negative result from a SAR-Co V-2 viral test or documentation of recovery from COVID-19" as defined by the CDC (*see* Security Directive at p.3, n.6, emphasis added).

Plaintiff acknowledges that when she flouted the mask mandates while flying with Alaska Airlines, other passengers complained. *See* Compl. at p.6 (referring to a passenger who allegedly complained that plaintiff's "mask was down too long when she was eating"). Plaintiff also knows – even if she disputes the characterization – that when she was ultimately precluded from flying on Alaska Airlines, it was due to "her lack of compliance" with the mask mandates as well as "multiple reports of alleged combative interactions with employees." *Id.* at p.11.

Plaintiff was entitled to her personal views about COVID-19. She was not, however, empowered to invoke her personal notions to evade or disregard federally mandated requirements for air travel that applied to all other Alaska Airlines guests

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 6 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 6 of 17

during a worldwide pandemic.

## III.  LEGAL ARGUMENT

### A.  Legal Standards

A motion to dismiss is appropriate when the plaintiff's allegations fail to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). While a pleading does not require "detailed factual allegations," it must do more than merely offer "labels and conclusions" without "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court construes the allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). But the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Courts should broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of any doubt." *See, e.g., Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Nevertheless, even pro se litigants must comply with the Federal Rules of

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.*, Case No. 3:23-cv-00087-JMK
Page 7 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 7 of 17

Civil Procedure. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants

in the ordinary civil case should not be treated more favorably than parties with attorneys

of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)

(pro se litigants expected to abide by the rules of the court in which litigation proceeds).

Moreover, the Court's liberal interpretation of a pro se litigant's pleading may not supply

essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th

Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Particularly apt in the context of the complaint here is the rule that "[a] complaint

should set out each claim for relief separately. Each claim should identify: (1) the specific

harm that Plaintiff is alleging has occurred to [her], (2) when that harm occurred, (3)

where that harm was caused, and (4) who [s]he is alleging caused that specific harm to

[her]." *Haapaniemi v. Anchorage Daily News*, No. 3:22-cv-00143-SLG, 2022 U.S. Dist.

LEXIS 188577, at *9 (D. Alaska Oct. 14, 2022). In other words, Rule 8 requires that a

complaint clearly and fully set forth "who is being sued, for what relief, and on what

theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178

(9th Cir. 1996). Plaintiff's complaint does none of those things.

**B.      Plaintiff's complaint fails to satisfy the pleading requirements of Rule 8**

Plaintiff's complaint suffers multiple deficiencies. *First*, although it purports to

state four separate "causes of action," it is entirely unclear which cause of action targets

which defendant or defendants. Because plaintiff made no effort "to match up the specific

factual allegations and the specific legal claims to a specific defendant[,].. [t]he result is

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 8 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 8 of 17

that defendants and this court are literally guessing as to what facts support the legal claims being asserted against certain defendants." *See id.*

*Second*, and perhaps worse, is plaintiff's failure to identify the legal theory upon which any (much less all) of her causes of action is purportedly founded. The defendants therefore are left to guess what legal claim plaintiff purports to state in each cause of action – and whether the claim (whatever it is) is stated as to any particular defendant. These problems are further compounded by the fact that in the second through fourth causes of action, plaintiff incorporates by reference all the allegations of the preceding claims. *See* Compl. at pp.14, 15, 17.

What plaintiff has produced is nothing short of a "shotgun pleading" in which she fails to "state[ ] clearly how each and every defendant is alleged to have violated [her] legal rights." *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). The complaint does not satisfy the pleading requirements of Fed. Rules Civ. Proc. R. 8 and should be dismissed.

### C.      The complaint fails to state any legally actionable claim

As explained, because the complaint does not specify any particular legal claim for which she seeks relief, Defendants can only guess. The following discussion is necessarily premised on that conjecture.

#### 1.      Intentional infliction of emotional distress

In the complaint, the phrase "intentional infliction of emotional distress" ("IIED")

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 9 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 9 of 17

appears four times. Compl. at ¶¶ 2, 4, 7, 8. Mostly it is misused to describe a form of

distress rather than conduct. *Id.* at ¶¶ 2, 4, 7. If, in fact, the plaintiff means to assert a

cause of action for IIED, she has failed.

To recover for IIED, the plaintiff must plead and prove there was "extreme and

outrageous conduct" that intentionally or recklessly inflicted "severe emotional distress."

*See State v. Carpenter*, 171 P.3d 41, 58 (Alaska 2007). In IIED cases, a trial judge

"should make a threshold determination whether the severity of the emotional distress

and the conduct of the offending party warrant a claim of intentional infliction of

emotional distress." *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 133 (Alaska 2000).

Plaintiff has not made and cannot make the necessary showing and an IIED claim is

unwarranted.

### a.    No extreme and outrageous conduct

"[C]onduct gives rise to an IIED claim only if it is 'so outrageous in character, and

so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded

as atrocious and utterly intolerable in a civilized community.'" *Id.* (citation omitted).

Therefore, "'mere insults, indignities, threats, annoyances, petty oppressions or other

trivialities' cannot form the basis of an IIED claim." *Id.* (citation omitted). "[E]ven

harmful conduct 'characterized by "malice"' is insufficient to make out an IIED claim if

the conduct is not 'extreme and outrageous.'" *Id.* (citation omitted).

In this case, there are no allegations of extreme and outrageous conduct

attributable to any of the defendants. Instead, to the extent these concepts can be teased

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 10 of 17

from her complaint at all, it appears plaintiff regards the Executive Order, the Security Directive, and the FTMM as *outrageous* and Alaska Airlines' application of the orders to her, as *extreme*.[4] Illustrative are plaintiff's complaints about: (1) a gate agent who told her a request for a mask exemption needed to be supported and documented by a health care professional and reviewed by the airline (compl. at p.5); (2) "insist[ence] that she wear [a] blue cloth mask, instead of her face shield" (*id.* at p.6); and (3) instructions that she had to comply with the orders (*id.* at pp.6-7).

Surely the fact that plaintiff chaffed at these statements does not make them extreme or outrageous. In each instance, what is attributed to the defendants is *required* by federal law. The same is true with respect to the allegations about plaintiff's alleged feelings of being "inspected" or "watched," particularly in the context of airline employees specifically commanded by the TSA that (except in limited and specified circumstances) they "must not board any person who is not wearing a mask." Security Directive at p.2. In terms of stating an actionable claim for IIED, plaintiff fares no better by alleging that Defendants were "basically 'raising their voices' against her and yelling at her to raise her mask further up on her nose." Compl. at p.17, ¶ 7.

With respect to receipt of "a letter from Alaska Airlines that she had been banned," plaintiff acknowledges she was told the decision centered on "her lack of compliance and multiple reports of alleged combative interactions with employees."

---

[4]     A true and correct copy of the FTMM is attached as Exhibit C to the accompanying RJN.

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 11 of 17

Compl. at pp.8, 11. Plaintiff does not deny these facts; rather, she simply "did not recall any combative interactions" and "did not remember any confrontations." *Id.* at p.11. She does not (and cannot) allege facts showing that the decision regarding her acceptance for travel was made in bad faith or because of ill will. Lastly, it is self-evident that "the Defendant's [sic] acts of *negligence*" cannot support a claim of "intentional infliction of physical, mental and emotional distress." *Id.* at p.14, emphasis added.

### b. No severe emotional distress

The high bar for an IIED claim is not only posed by the type of conduct that is required, but also by the severity of the distress that must be proven. "An IIED plaintiff must prove that she suffered severe emotional distress, i.e., 'distress of such substantial quality or enduring quantity that no reasonable person in a civilized society should be expected to endure it.'" *Id.* (quoting *Fyffe v. Wright*, 93 P.3d 444, 456 (Alaska 2004)). No such distress is or can be alleged here.

Using conclusory language, plaintiff adverts to "intense humiliation on [sic] level she had never nor ever expected to experience on a local, state, national and international level." Compl. at p.9. But the cause of this feeling is only vaguely attributed to "[t]he mask ordeal Alaska Airlines created with Lora Reinbold" (*id.*) – whatever that is meant to denote.[5]

---

[5]     Equally vague and devoid of explanation, particularly as to the defendants' involvement, is the allegation regarding "the incredible negative local, national and international media & social media attention" that purportedly was a cause of repeated suffering of "intentional infliction of mental, emotional and physical stress." *Id.* at p.15.

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 12 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 12 of 17

The requirements for an IIED claim have been characterized as "inherently protective of most conduct; liability is allowed only if intentional or reckless conduct is extreme and outrageous and causes severe emotional distress." *State v. Carpenter*, 171 P.3d at 59. These essential requirements are not satisfied in this case.

### 2.   Defamation

In the pantheon of claims plaintiff might be hoping to state is one for defamation. In passing, she refers to "slanderous and defamatory information" of unspecified content. Compl. at p.17, ¶ 7.

The elements of a defamation claim are: (1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either per se actionability or special damages. *Carpenter, supra*, 171 P.3d at 51. As a public figure, plaintiff, a former state senator, must prove actual malice. *Id.* at 55. "Actual malice exists when it is proved that the defamatory statement was made with knowledge that it was false or with a reckless disregard of whether it was false or not." *Olivit v. City & Borough of Juneau*, 171 P.3d 1137, 1143 (Alaska 2007).

Here, plaintiff fails to satisfy even the first element of a defamation claim. All she alleges is that "the Defendants repeatedly made misleading statements and in some cases linked slanderous and defamatory information directed against Senator Lora Reinbold."

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK

Page 13 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 13 of 17

Compl. at p.17, ¶ 7. At best the allegation is incomprehensible.[6] A fair inference,

however, is that there actually were no false or defamatory statements made by the

Defendants.

### 3.      Other claims plaintiff *may* mean to state

Beyond what is set forth above, any further attempt to divine the claims that

plaintiff hopes to state seems little more than a fool's errand. She refers to violation of

"her rights under the United States Constitution and the Laws of the United States,

including those under ADA." *Id.* at p.14. It is entirely unclear what Constitutional rights

plaintiff seeks to vindicate and through what mechanism.[7]

As to "the Laws of the United States," plaintiff fleetingly refers to HIPAA, the

ADA and "the DOT statute that mandates the airlines to comply with the statutes by

March 22, 2021."

*First,* even if it were somehow applicable, HIPAA does not create a private right

of action. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir.

---

[6]      Equally meaningless in terms of alleging defamation is the assertion that "Alaska Airlines made public statements, without permission using Lora Reinbold's name publicly." Compl. at p.9.

[7]      Plaintiff mentions "her constitutional and statutory right to have access to flights of Alaska Airlines to fly to and from Juneau." Compl. at p.16, ¶ 5. To the extent that plaintiff means to refer to a Constitutional right to interstate travel, there is no fundamental right to travel *by airplane* even when it is the most convenient mode of travel. *See Gilmore v. Gonzales*, 435 F.3d 1125, 1137 (9th Cir. 2006). As for intrastate travel, it is unclear whether any such right is Constitutionally safeguarded at all; as the Ninth Circuit recently explained, the Supreme Court has cast doubt on the right to intrastate travel. *Potter v. City of Lacey*, 46 F.4th 787, 800 n.11 (9th Cir. 2022).

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK

2007). *Second*, the ADA is not applicable. It has no application to airlines in the

operation of flights (*see Kerner v. Mendez*, No. C-08-04528 EDL, 2009 U.S. Dist. LEXIS

41712, at *9 (N.D. Cal. May 1, 2009)) or in "[t]he operations of any portion of any

airport that are under the control of an air carrier" (*see Gilstrap v. United Air Lines, Inc.*,

709 F.3d 995, 1003 (9th Cir. 2013)). *Third*, with respect to "the DOT statute" referenced

by plaintiff, there is no such "statute." Plaintiff has cited the Department of

Transportation ("DOT") *Notice of Enforcement Policy: Accommodation By Carriers of

Persons with Disabilities Who Are Unable to Wear or Safely Wear Masks While on

Commercial Aircraft*. This document provides specific instructions on how airlines may

implement the FTMM in a manner that complies with DOT requirements. *See Marcus v.

CDC*, No. 2:22-cv-02383-SSS-ASx, 2023 U.S. Dist. LEXIS 30594, at *4 (C.D. Cal. Feb.

21, 2023). After it was issued, airlines, including Alaska Airlines, began implementing

the FTMM. Even if a private right of action existed to enforce the FTMM – and there is

no such right of action – everything plaintiff has alleged shows full *compliance* with the

FTMM as opposed to any violation.

Finally, plaintiff adverts to "Defendant's [sic] acts of negligence" and to various

(unspecified) duties that were allegedly breached through (unidentified) actions by the

Defendants. *See* Compl. at p.14, ¶¶ 2, 4; p.16, ¶ 6. Without even specifying a cognizable

legal duty, plaintiff fails to state an actionable negligence claim against any of the

Defendants.

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 15 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 15 of 17

## IV.    CONCLUSION

Plaintiff's antipathy toward masks as a means of preventing the spread of COVID-19 is evident from her complaint. So too is her hostility to the federal orders pertaining to travel during the pandemic (including the FTMM) and one airline's efforts to compel her compliance with these mandates. Plaintiff's complaint leaves nearly everything else about her lawsuit to conjecture and surmise. Plaintiff has failed to state any legally actionable claims against any of the defendants.

Particularly since her allegations demonstrate Defendants' compliance with the federal orders, it is doubtful that plaintiff can state any actionable claims. To the extent that amendment of her pleading is futile, the complaint should be dismissed with prejudice. *See rePlanet Holdings, Inc. v. Fed. Ins. Co.*, No. 1:19-cv-00133-LJO-EPG, 2019 U.S. Dist. LEXIS 124450, at *8 (E.D. Cal. July 24, 2019) (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify denying leave to amend.")

Dated: May 30, 2023

Respectfully submitted,

RICHMOND & QUINN APC

s/ Robert L. Richmond
Robert L. Richmond
Alaska Bar No. 7011069
Rebecca Lindemann
Alaska Bar No. 1309051
360 K Street, Suite 200
Anchorage, AK 99501
Tel.: (907) 276-5727
Fax: (907) 276-2953

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 16 of 17

Case 3:23-cv-00087-JMK   Document 22   Filed 05/30/23   Page 16 of 17

Richard G. Grotch
(*pro hac vice forthcoming*)
80 Cabrillo Highway N., Ste. Q-325
Half Moon Bay, CA 94019
Tel.: 415.961.1691

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of
May, 2023, a copy of the foregoing was served
by mail on:

Lora H. Reinbold, pro se
17217 Yellowstone Dr.
Eagle River, AK  99577

and by ECF on the parties registered to receive
electronic notices.

By: ___s/ Robert L. Richmond_____
      RICHMOND & QUINN

Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(B)(6);
Memorandum of Points and Authorities
*Reinbold v. Alaska Airlines, et al.,* Case No. 3:23-cv-00087-JMK
Page 17 of 17