Lora Reinbold, Pro Se
17217 Yellowstone Dr
Eagle River, Ak 99577
aklora@outlook.com



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LORA H. REINBOLD, | ) Case No._3:23CV-00087 JMK |
| | ) |
| Plaintiff, | ) AFFIDAVIT OF LORA H. |
| | ) REINBOLD IN SUPPORT OF |
| | ) JOINDER FOR LAUREL |
| | ) CARMICHAEL |
| | ) |
| Vs | ) |
| | ) |
| ALASKA AIRLINES INC, KYLE LEVINE | ) Honorable Joshua M. Kindred |
| KIM HUTCHINSON, JEREMY HORN | ) United States District Judge |
| DIANE BIRKETT RAKOW, MARILYN | ) |
| ROMANO, TROY MICHAEL WUYTS | ) |
| SMITH, AMBER ALLEN, | ) |
| MIROSLAVA FRIAS, | ) |
| JOHN ROSS MANN, KRISTEN DILLEY, | ) |
| BRENDA BAYNARD, TIM THOMPSON | ) |
| ALISON REINECCIUS, | ) |
| LAUREL CARMICHAEL | ) |
| DOROTHY DANIELS, | ) |
| Defendants. | ) |

## AFFIDAVIT LORA H. REINBOLD

I, Lora H. Reinbold, being duly sworn hereby depose and say:

1. To the best of my knowledge all facts stated in this affidavit are true and correct.

2. I am over 18 years of age. I reside in Eagle River Alaska at the address stated above. I am fully competent to make this affidavit and I have personal knowledge of the facts stated in this affidavit.

3. Laurel Carmichael is an employee of Alaska Airlines and according to online records Laurel is an in-flight supervisor.

4. On November 15, 2020, Laurel Carmichael unexpectedly met me at the gate while I was trying to board a flight from Portland to Anchorage. Laurel oddly paid close attention to my mask and closely looked at the mask I was wearing. Laurel concluded/stated that because my mask did not cover my chin, she was requiring me to wear two masks.

5. When I was seated on the plane, Laurel brought me a second mask and insisted, I wear it. Other employees were standing near/over me watching Laurel bring me the second mask and listening to the conversation including John Ross Mann and Dorothy Daniels. I felt very intimidated.

6. I said breathing was difficult enough with one mask and wearing two would make it worse.

7. I believe being told to wear two masks was arbitrary, capricious and unfair treatment that was clearly outside any "emergency order" for nowhere did the order say the mask has to cover the chin.

8. I was respectful to the employees although I questioned the demand. Later I asked to speak to flight attendant who identified as John Ross (who's actual name is John Ross Mann). I got permission to record statements about my concerns and expressed my discomfort with the requirements to wear two masks. After I could no longer wear two masks for breathing was too difficult, and I only wore the blue mask I had been given, which the flight attendant John seemed fine with. John said I had been pleasant. I also questioned John about Alaska Airlines "yellow card policy" which could ban customers if they did not comply to Alaska Airlines demands. John stated I would learn about the policy when I got a yellow card. He was unclear about the policy, which caused me pause, I wanted to understand it. I never got a yellow card.

9. After this flight it was reported by Tim Thompson in the AND newspaper that the senator "complied with these (Ak Air mask policy) requirements and completed her journey."

Dated this 13th date of July, 2023.

_____
Lora H. Reinbold, *pro se*

Notary: M. Mikaele



I hereby certify that on the 13 day of July, 2023
I served a copy of the foregoing via US Mail on the following:

Robert L. Richmond, Esq.
Rebecca Lindemann
Richmond and Quinn APC
360 K Street, Suite 200
Anchorage, AK 99501

Richard G. Grotch
Jetstream Legal APC
80 Cabrillo Highway North Suite Q-325
Half Moon Bay, CA 94019

_____
Lora H. Reinbold, Pro Se