IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LORA H. REINBOLD,<br><br>  Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, KYLE LEVINE, KIM HUTCHINSON, JEREMY HORN, DIANE BIRKETT RAKOW, MARILYN ROMANA, ROY MICHAELS WUYTS SMITH, AMBER LNU, JOHN LNU, KRISTEN LNU, BRENDA LNU, DORTHY LMU, M. FRIAS,<br><br>  Defendants. | Case No. 3:23-cv-00087-JMK<br><br>**CASE MANAGEMENT ORDER** |

Before the Court are nine pending motions. Of specific note are Ms. Reinbold's Joinder Motions at Dockets 40 and 42, requesting to add Tim Thompson and Laurel Carmichael as defendants, respectively. Defendants submitted a Statement of Non-Opposition at Docket 44, stating that per Federal Rule of Civil Procedure 15(a)(1)(B), Ms. Reinbold may amend her complaint.

The rules of joinder are employed by defendants seeking to add absent parties to litigation.[1] The Court concurs with Defendants' non-opposition as to Ms. Reinbold amending her complaint. Rule 15 of Federal Civil Procedure and Rule 15.1 governs the process for amending a complaint. As a matter of course, Ms. Reinbold may amend her complaint.[2] An amended complaint "supersedes the original, the latter being treated thereafter as non-existent."[3] In the District of Alaska, a plaintiff "moving to amend a pleading must attach the proposed amended pleading as an exhibit to the motion."[4] A plaintiff may not amend a complaint on motion or by reference.[5]

**IT IS THEREFORE ORDERED:**

1. The Joinder Motion to Add Tim Thompson Pursuant to Federal Rules of Civil Procedure 19 and 20, at Docket 40, is **DENIED**.

2. The Joinder Motion to Add Laurel Carmichael Pursuant to [sic] Federal Rules of Civil Procedure 19 and 20, at Docket 42, is **DENIED**.

3. Ms. Reinbold may amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) within 30 days. Because Ms. Reinbold is a self-represented

---

[1] *See* 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.) ("Compulsory joinder is an exception to the general practice of giving plaintiff the right to decide who shall be the parties to a lawsuit."); 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.) (discussing how permissive joinder promotes judicial economy).
[2] Fed. R. Civ. P. 15(a)(1)(B) (permitting a plaintiff to amend her complaint within 21 days of service of a motion to dismiss under Rule 12(b)).
[3] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).
[4] Local Civil Rule 15.1(a).
[5] *See generally supra* note 3; Local Civil Rule 15.1.

party, the Court waives the Local Rules provision that requires a bracketed or red-lined amended complaint.[6]

4. The Court **HOLDS** the pending Motion to Dismiss at Docket 39 **IN ABEYANCE**. If Ms. Reinbold does not amend her complaint within 30 days, briefing will continue, and Defendants will have 14 days to submit a reply.

5. All other motions are **DENIED AS MOOT**.

IT IS SO ORDERED this 22nd day of August, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[6] *Id.*

*Reinbold v. Alaska Airlines, et al.*     Case No. 3:23-cv-00087-JMK
Case Management Order     Page 3

Case 3:23-cv-00087-JMK    Document 47    Filed 08/22/23    Page 3 of 3