UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| LORA H. REINBOLD,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, et al.,<br><br>　　　　　　　　Defendants. | 3:23-cv-00087-MMS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [77]** |

This matter is before the undersigned pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b)(1).[1] For the reasons stated below, the Motion for Reconsideration is **DENIED WITH PREJUDICE**.

The Court assumes familiarity with the factual and procedural background of this case. On November 26, 2024, the Court denied with prejudice Ms. Reinbold's Motion for Leave to File a Third Amended Complaint. Dkt. 73. The Court directed the parties to file a joint status report, wherein the Defendants informed that they believed that there were no matters left for the Court before posting its final judgment, and Ms. Reinbold requested additional time to file "a substantive response to the" Court's order. Dkt. 74. The Court agreed with the Defendants and posted judgment in favor of the Defendants. Dkts. 75–76.

---

[1] *See*, Order re Intent to Reassign to a United States Magistrate Judge and Declination of Consent Form, Dkt. 70 (requiring the parties to submit a declination of consent within two weeks); Dkt. 72.

On December 16, 2024, Ms. Reinbold moved the Court to reconsider its November 26 order, styled as objections. Dkt. 77. Ms. Reinbold argued that the Court abused its discretion by not granting leave to amend liberally, that amendment would not be futile because she disagrees with the Court's findings of law as to many of her claims, and that the Court should have considered a less drastic measure. *See generally, id.* The Plaintiff also argued for leniency given her pro se status. *Id.* at 5. The Court did not order the Defendants to respond. *See*, L.Civ.R. 7.3(h)(3).

In the Ninth Circuit, a motion for reconsideration is an "extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[2] Under Local Civil Rule 7.3(h)(1), "[a] court will ordinarily deny a motion for reconsideration absent a showing of [. . .] (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law." The Rule also limits such a motion to five pages and to either seven days after an order under subsection (A) or fourteen days after the fact discovery or change in law under (B) or (C). *See*, L.Civ.R. 7.3(h)(2). Ms. Reinbold appears to only argue that the Court made a manifest error of law. Accordingly, she only had seven days to move to reconsider, and this motion is untimely. Even construing generously to toll the date from the entry of judgment so as to make the motion timely, the Court substantively disagrees with Ms. Reinbold's objections for the same reasons detailed thoroughly in its Order Denying Motion for Leave to Amend. Dkt. 73.

---

[2] *United States v. Lee*, No. 3:21-CR-00117-TMB, 2023 WL 6389630, at *1 (D. Alaska Oct. 2, 2023) (internal citations omitted).

The Court finds denial with prejudice appropriate here because Ms. Reinbold has been given the opportunity to completely present her case and that she will not be able to establish that she is entitled to the requested relief with further briefing. Denying with prejudice means that Ms. Reinbold may not submit an additional motion (or objection) challenging the dismissal of her case to the District Court and that the Court may deny any further motion without explanation. Denying with prejudice does not prevent Ms. Reinbold from appealing to the Ninth Circuit Court of Appeals.

For the reasons set forth above, **IT IS SO ORDERED** that the Motion for Reconsideration at Docket 77 is **DENIED WITH PREJUDICE**.

DATED this 8th day of January, 2025 at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE